UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEONARD IACONO, | ) | CASE NO.4:04CV772 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| RANDAL MICHAEL, ET AL., | ) | MEMORANDUM OF OPINION |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff's unopposed Motion for Summary Judgment (ECF Dkt# 18) and Motion for Default Judgment. For the following reasons, the Court grants Plaintiff's Motions in part.

Plaintiff alleges an apparent breach of contract, fraud, unjust enrichment, conspiracy, conversion, and violations of the RICO statutes in connection with an agreement to purchase a log cabin kit from Defendant Randal Michael. Plaintiff alleges on or about June 30, 2003, Plaintiff and Defendant Randal Michael entered into an agreement for the purchase of a log cabin kit for the price of Twenty Thousand Dollars. Plaintiff paid an initial down payment of Ten Thousand Dollars.

Also, in May of 2003, Defendant Randal Michael allegedly offered to assist Plaintiff in the resolution of an IRS matter. Plaintiff paid Defendant Seven Thousand Seven Hundred

1

Seventy-Five Dollars which he alleges Defendant Randal Michael, in conspiracy with his wife and daughter, co-defendants Kim and Ashley Michael, kept rather than applying towards an alleged debt Plaintiff owed the IRS. Kim and Ashley Michael reimbursed Plaintiff in the amount of Three Thousand Five Hundred Dollars.

Defendant Randal Michael filed an Answer on January 24, 2005. On May 18, 2005, the parties agreed to settle the case. As part of the settlement, Defendant Randal Michael agreed to pay Seven Thousand One Hundred Twenty-Five Dollars in a lump sum check and pay the remaining balance in monthly installments. After making the lump sum payment and one monthly payment of One Hundred Twenty-Five Dollars, Defendant has failed to make additional payments. Kim and Ashley Michael allegedly signed an Answer, then failed to appear for a case management conference and subsequent hearings. The Court notified Defendants that failure to appear may result in the Court striking Kim and Ashley's Answer. After Defendants failed to appear for a telephone conference, the Court Ordered stricken Kim and Ashley Michael's answer and found them in default.

## Default Judgment

Pursuant to the Court's Order of March 23, 2006, the Court grants Default Judgment for Plaintiff Leonard K. Iacono and against Defendants Kim Michael, and Ashley Michael in the amount of the balance of Four Thousand Two Hundred Seventy-Five Dollars plus costs and interest on Plaintiff's claim for unjust enrichment arising from Plaintiff's payment of monies to the Michaels to resolve an alleged IRS deficiency. The Court finds Kim and Ashley Michael were not parties to any contract with Plaintiff and Plaintiff's affidavit does not sufficiently support an award of punitive damages. Though Kim and Ashley Michael are jointly and

2

severally liable with Randal Michael on the balance owed Plaintiff for the monies paid on the

alleged IRS deficiency, the Court finds Ashley and Kim Michael's obligations have been

satisfied by the payment made by Randal Michael as referenced in Docket # 38.

### STANDARD OF REVIEW

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is

appropriate when no genuine issues of material fact exist and the moving party is entitled to

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v.*

*United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the

absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any," which it believes demonstrates
> the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the

lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the

nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as
> provided in this rule, an adverse party may not rest upon the mere
> allegations or denials of the adverse party's pleadings, but the
> adverse party's response, by affidavits or as otherwise provided in
> this rule, must set forth specific facts showing that there is a
> genuine issue for trial. If the adverse party does not so respond,
> summary judgment, if appropriate, shall be entered against the
> adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe

3

the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

As Plaintiff has supported his unopposed Motion for Summary Judgment with affidavit evidence and Defendant has failed to oppose summary judgment, the Court grants Plaintiff's Motion for Summary Judgment in part. Pursuant to Plaintiff's affidavit of January 2006, there remains due and owing Plaintiff Seven Thousand Dollars plus interest and costs. Therefore, the Court grants summary judgment for Plaintiff and against Randal Michael for breach of the log cabin and IRS deficiency contracts alleged by Plaintiff in his Complaint, in the amount of Seven Thousand Dollars plus interest and costs. As Plaintiff's other claims seek alternative relief, the Court finds Plaintiff may not recover on these claims. Plaintiff's affidavit does not sufficiently support an award of punitive damages, therefore, the Court denies Plaintiff's Motion for Punitive Damages. The Court, having found payments by Randal Michael to date have satisfied the obligations of Kim and Ashley Michael, therefore, orders any remaining balance owed is the sole obligation of Defendant Randal Michael.

IT IS SO ORDERED.

8/17/06

Date

CHRISTOPHER A. BOYKO
United States District Judge

4